UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BONNY LOU BUZZELL HUTCHINS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00281-JDL |
| | ) | |
| KIRK R. HOUSE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING
PURSUANT TO 28 U.S.C. § 1915 AND
ORDER ON MOTION TO SEAL**

In this matter, Plaintiff Bonny Lou Buzzell Hutchins, proceeding *pro se*, alleges that Defendants, numerous individuals and organizations, have engaged in certain conduct that has caused her harm.

Plaintiff filed an application to proceed *in forma pauperis*, which application the Court granted. (ECF No. 4.) In accordance with 28 U.S.C. § 1915, a preliminary review of Plaintiff's complaint is appropriate. Following the review, I recommend the Court dismiss Plaintiff's complaint, without requiring service of the complaint.

Plaintiff also filed a motion to seal her case file. (ECF No. 6.) For reasons explained below, the motion is denied.[1]

**STANDARD OF REVIEW**

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a

---

[1] Plaintiff has filed additional civil actions in cases 1:16-cv-00280-JDL and 1:16-cv-00282-JDL. The defendants in each case differ, although some defendants are named in more than one case.


claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'"  *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), that does not mean pro se plaintiffs are not required "to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).  Additionally, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations" when such factual allegations are "fanciful," "fantastic," or "delusional," and such allegations may be rejected as frivolous when they "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**SCREENING DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute...." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have jurisdiction to hear and decide cases that arise under the Constitution and laws of the United States (28 U.S.C. § 1331), and state law claims between citizens of different states, provided the amount in issue exceeds the value of $75,000 (28 U.S.C. § 1332).

In her complaint, Plaintiff lists numerous individuals and entities as defendants and purports to assert claims for obstruction of justice, fraud, discrimination, and police brutality. (ECF No. 1.) Plaintiff subsequently filed a supplement to her complaint through which she identified additional defendants. (ECF No. 7.)

While Plaintiff's allegations could conceivably be construed to invoke the Court's federal question jurisdiction, Plaintiff alleges no facts that could plausibly support a cause of action against any of the defendants. Instead, Plaintiff's complaint consists of two paragraphs in which she references several incidents that appear to be unrelated to each other and the many defendants. Plaintiff's complaint simply fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

**PLAINTIFF'S MOTION TO SEAL**

When a court considers a motion to seal, the court must be mindful that the law recognizes a presumption of public access to judicial proceedings and records. *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 59 (quoting *Siedle v.*

*Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).  In its assessment of a request to seal, the Court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*.

Plaintiff requests that her case be sealed to avoid publicity and to obtain protection from individuals who might seek to take advantage of her situation.  (ECF No. 6.)  While the Court recognizes that at times a party's concern about the publicity generated by a lawsuit can be compelling, the Court is not persuaded that Plaintiff's concerns in this case are sufficient to overcome the presumption in favor of public access.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2)(B), I recommend the Court dismiss Plaintiff's complaint.  In addition, Plaintiff's motion to seal is denied.

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72.   With respect to the order on non-dispositive matters (the motion to seal), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).  With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of July, 2016.